## COMMONWEALTH *vs.* MICHAEL COMMESKEY.

Fer the purpose of showing that an expressman, who has conveyed intoxicating liquor in kegs and a barrel from a railroad station, had reasonable cause to believe that the same was intended to be sold in violation of Gen. Sts. *c.* 86, evidence is admissible to show that he had removed from the same station a keg of liquor on each of several different days within a short time.

COMPLAINT under Gen. Sts. *c.* 86, § 37, alleging that the defendant, on a day named, conveyed a certain quantity of intoxicating liquor from a car of the Boston and Worcester Railroad Corporation standing near the passenger depot of said corporation in Natick to another place named, having reasonable cause to believe that the same were intended to be sold in violation of Gen. Sts. *c.* 86.

At the trial in the superior court, before *Morton,* J., upon appeal from the judgment of a magistrate, there was evidence tending to show that the defendant was an expressman doing business between Natick and South Natick, and upon a certain day took from the railroad car one barrel and two kegs of intoxicating liquors, placed them in his wagon, and proceeded a few rods, when he was arrested; all being marked with his name, and being so consigned on the way-bills of the railroad corporation. For the purpose of proving that the defendant had reasonable cause to believe that these liquors were intended to be sold in violation of Gen. Sts. *c.* 86, evidence was admitted, against his objection, tending to prove that, on four different days within a month before this time, the defendant received and removed from the cars at the same station one keg of liquor on each of the days.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*C. R. Train,* for the defendant.

*Reed,* A. G., for the Commonwealth, cited *Commonwealth* v. *Boyden,* 14 Gray, 101; *Commonwealth* v. *Lincoln,* 9 Gray, 288; *Commonwealth* v. *Timothy,* 8 Gray, 480.

HOAR, J. As circumstantial evidence, having some tendency, with other evidence, to show that a considerable quantity of spirituous and intoxicating liquors received by the defendant at a railroad station was not designed for his own use, and thus to support the allegation that it was designed for sale, it was competent to show that he had received, on several occasions, within a short time, other considerable quantities of such liquors at the same station; as the quantities, and the frequency of their arrival, might be more consistent with the supply of a dealer in the article, than with the purpose of providing for his own consumption. The other evidence in the case not being reported, it is to be presumed that it was sufficient, in connection with the evidence excepted to, to justify the verdict.

*Exceptions overruled.*