Hillsborough,
Oct. 5, 1915.

## GEORGE MARKARIAN v. JAMES F. WHITMARSH.

The fact that the parties to the sale of a stock of merchandise made no attempt to comply with the conditions imposed by chapter 69, Laws of 1909, does not render the transaction voidable at the instance of a creditor of the vendor, as against a subsequent innocent purchaser from the vendee prior to an attachment.

If the statute regulating sales of merchandise in bulk was intended to apply to mortgages of such property, it can only be invoked for the protection of creditors of the mortgagor, and is not to be extended by construction so as to invalidate a mortgage lien created by the debtor's vendee.

TROVER, against a deputy sheriff. Trial by the court. Transferred from the January term, 1915, of the superior court by *Branch*, J.

Prior to July, 1913, Vangos & Papazohn were engaged in trade in Nashua and purchased certain goods of the Three Millers Company. In the month of July, one Xylophos purchased the interest of Papazohn in the partnership, and the business was thereafter conducted by Xylophos and Vangos as partners. In this sale or transfer no attempt was made to comply with the provisions of chapter 69, Laws of 1909, relating to the sale of merchandise in bulk. August 15, 1913, Xylophos & Vangos executed a mortgage of the partnership property to the plaintiff. The goods purchased of the Three Millers Company by Vangos & Papazohn not having been paid for, suit was brought against them, the property previously mortgaged to the plaintiff was attached upon the writ by the defendant, and was sold by him under an execution in favor of the company.

The court found a verdict for the plaintiff for the amount due under his mortgage, and the defendant excepted to a ruling that the mortgage was not invalid.

*Charles J. Hamblett* and *Marshall D. Cobleigh*, for the plaintiff.

*Henry A. Cutter*, for the defendant.

WALKER, J. It is argued in behalf of the defendant that the sale of Papazohn's interest in the stock of goods and the transfer thereby to the new partnership of Xylophos & Vangos was fraudulent and void as against the Three Millers Company, which was a creditor of the original firm of Vangos & Papazhon and attached the property to secure its claim. The sole ground upon which the fraudulent character of the sale and transfer is predicated is, that the statute declares that "the sale in bulk of any part or the whole of a stock of merchandise, otherwise than in the ordinary course of trade and in the regular and usual prosecution of the seller's business, shall be fraudulent and void as against creditors of the seller," unless the purchaser shall procure from the seller the names and addresses of the seller's creditors, whom he is required to notify of the proposed sale five days at least before the completion of the sale. Laws 1909, c. 69, s. 1. It is conceded that the conditions of the statute were not complied with by the parties; and because they were not complied with, it is claimed the sale was void as against the Three Millers Company, which sought to secure its demand by attaching the property after the vendees had mortgaged it to the plaintiff. The verdict for the plaintiff establishes the facts that the sale was a *bona fide* transaction upon a sufficient consideration, and was not the result of any fraud in fact. It also establishes the facts that the plaintiff's claim against the vendees was an honest one, and that he had no notice that the sale was made in violation of the statute.

If it is assumed that a compliance with the statute was essential to the validity of the sale, so far as attaching creditors of the vendors were concerned, it does not follow that they could impeach its validity against a subsequent innocent party who acquired a mortgage lien upon the property from the original vendees. The statute does not mean that the sale is absolutely void and of no effect. As between the parties, it is binding and valid. "The phrase 'fraudulent and void as to creditors' relates to attaching creditors who seek

to set aside the vendee's title, which, until it is set aside, is a valid title. As between the parties to the sale, the title passed to the vendee and it remains in him until it is vacated by a creditor of the vendor upon proceedings instituted for that purpose, or until the vendee disposes of the property. Though the word 'void' is used in the statute, in legal effect it means voidable at the instance of an attaching creditor." *McGreenery* v. *Murphy*, 76 N. H. 338, 340; *Corning* v. *Records*, 69 N. H. 390, 396.

Nor is such a sale void or voidable in favor of an attaching creditor, as against the title of an innocent purchaser acquired from the vendee before the attachment. *Ashland Savings Bank* v. *Mead*, 63 N. H. 435. The plaintiff stands in the position of an innocent purchaser for value. It does not appear that he even knew of the sale which it is claimed was fraudulent, or that he was chargeable with knowledge of any facts which should have put him upon inquiry as to its validity. Upon well recognized principles, he cannot be prejudiced by the failure of the original parties to comply with the statute. *Janvrin* v. *Janvrin*, 60 N. H. 169, 172; *Lewis* v. *Dudley*, 70 N. H. 594; *Gilcreast* v. *Bartlett*, 74 N. H. 29, 31; *Kelly-Buckley Co.* v. *Cohen*, 95 Mass. 585.

It is further argued that the statute applies to the plaintiff's mortgage, and that as it was not observed in that transaction the plaintiff acquired no title binding upon the Three Millers Company. While it may be doubtful whether the statute was intended to apply to mortgages of personal property, it is clear that the company has no legal interest in that question. It is not a creditor of Xylophos & Vangos, the mortgagors, but of their vendors, Vangos & Papazohn. Under the statute, the sale is only fraudulent "as against the creditors of the seller"; and as the company is not a creditor of the mortgagors or sellers, it cannot take advantage of the statute, even if the statute applies to mortgages. The defendant's argument on this branch of the case is based on the erroneous assumption that the original sale was absolutely void, and that the vendees, having no title, could convey none by the mortgage. So far as the company is concerned, the mortgage, which, in the absence of the statute, is admittedly binding and good against the world, took precedence of the attachment, and the lien created thereby must be protected. The statute is not to be extended by construction to situations not clearly intended by the legislature. *Thompson* v. *Esty*, 69 N. H. 55.

*Exception overruled: judgment on the verdict.*

All concurred.